UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SINGH, GWEN DEJESUS, JOSHUA ALLEN, RAUL MORALES, ADRIAN BARRERA, JR., CLAIRE MOORE, PATRICE JOHNSON, NIJA WINTER, and MICHAEL SUTTON, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, THE BOARD OF DIRECTORS OF CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE FINANCIAL CORPORATION INVESTMENT COMMITTEE, and JOHN DOES 1-30,<br><br>                  Defendants. | Case No. 1:24-cv-08538-MMG<br><br>*Electronically filed*<br><br>ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

                          **MORGAN, LEWIS & BOCKIUS LLP**
                          Jeremy Blumenfeld
                          Gina McGuire
                          101 Park Avenue
                          New York, NY 10178
                          T: 212.309.6000
                          F: 212.309.6001
                          E: jeremy.blumenfeld@morganlewis.com
                          E: gina.mcguire@morganlewis.com
                                 - and -
                          Tyler J. Hill
                          1717 Main Street, Suite 3200
                          Dallas, TX 75201
                          T: 214.466.4000
                          F: 214.466.4001
                          E: tyler.j.hill@morganlewis.com

                          *Counsel for Defendants*

## TABLE OF CONTENTS

                                                                                                             **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.     Res Judicata Precludes Plaintiffs from Repleading Their ERISA Claims. ........................ 3

        A.     The Plaintiffs in Hall and the Instant Action Are in Privity. ................................. 3

        B.     Both Actions Arise from the Same Transaction. ..................................................... 6

        C.     Overlapping Putative Class Periods Are Not a Bar to Res Judicata. ..................... 7

II.    Plaintiffs' Claims Fail Under ERISA, as well as This Circuit's Settled Policy Requiring Exhaustion of Administrative Remedies. .......................................................... 8

III.   Plaintiffs' Claims Also Fail for Other Reasons. ............................................................. 10

        A.     Plaintiffs Do Not Challenge Fiduciary Conduct. .................................................. 10

        B.     Plaintiffs Do Not State a Violation of ERISA's Anti-Inurement Provision. ....... 10

        C.     Plaintiffs Ultimately Seek Greater Benefits than ERISA Provides. .................... 11

IV.   Plaintiffs Do Not State a Failure-to-Monitor Claim. ....................................................... 11

CONCLUSION ............................................................................................................................ 12

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abe v. N.Y. Univ.*,
  2016 WL 1275661 (S.D.N.Y. Mar. 30, 2016) ...........................................................................9

*Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*,
  953 F.2d 587 (11th Cir. 1992) ................................................................................................11

*Alpert's Newspaper Delivery Inc. v. The N.Y. Times Co.*,
  876 F.2d 266 (2d Cir. 1989) .....................................................................................................5

*Beck v. Levering*,
  947 F.2d 639 (2d Cir. 1991) .....................................................................................................4

*Berkelhammer v. ADP TotalSource Grp., Inc.*,
  74 F.4th 115 (3d Cir. 2023) ......................................................................................................3

*Cameron v. Church*,
  253 F. Supp. 2d 611 (S.D.N.Y. 2003) ..................................................................................2, 6

*Cedeno v. Sasson*,
  100 F.4th 386 (2d Cir. 2024) ............................................................................................1, 3, 5

*Coan v. Kaufman*,
  457 F.3d 250 (2d Cir. 2006) .....................................................................................................5

*Diamond v. Loc. 807 Labor-Mgmt. Pension Fund*,
  2014 WL 527898 (E.D.N.Y. Feb. 7, 2014) ..............................................................................9

*Diamond v. Local 807 Labor-Mgmt. Pension Fund*,
  595 F. App'x. 22 (2d Cir. 2014) .............................................................................................10

*Frulla v. CRA Holdings, Inc.*,
  596 F. Supp. 2d 275 (D. Conn. 2009) ......................................................................................7

*Fumich v. Novo Nordisk Inc.*,
  No. 24-cv-09158 (D.N.J. Sept. 13, 2024) ................................................................................1

*Hall v. Cap. One Fin. Corp.*,
  2023 WL 2333304 (E.D. Va. Mar. 1, 2023) ..................................................................... passim

*Hawkins v. Cintas Corp.*,
  32 F.4th 625 (6th Cir. 2022) ................................................................................................1, 3

*Hughes Aircraft Co. v. Jacobson*,
    525 U.S. 432 (1999) .................................................................................................... 10

*Hutchins v. HP Inc.*,
    2025 WL 404594 (N.D. Cal. Feb. 5, 2025) ..................................................................... 2

*Hutchins v. HP Inc.*,
    737 F. Supp. 3d 851 (N.D. Cal. 2024) ............................................................................ 8

*John St. Leasehold, LLC v. Cap. Mgmt. Res., L.P.*,
    154 F. Supp. 2d 527 (S.D.N.Y. 2001) ......................................................................... 1, 3

*Kesselman v. The Rawlings Co.*,
    668 F. Supp. 2d 604 (S.D.N.Y. 2009) ............................................................................ 9

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
    590 U.S. 405 (2020) ..................................................................................................... 1, 6

*Marshall v. Nat'l Ass'n of Letter Carriers BR36*,
    2003 WL 22519869 (S.D.N.Y. Nov. 7, 2003) ................................................................ 6

*McCulloch v. Bd. of Trs. of the SEIU Affiliates Officers & Emps. Pension Plan*,
    2016 WL 9022578 (S.D.N.Y. Mar. 31, 2016) ................................................................ 9

*McManus v. Clorox Co.*,
    2024 WL 4944363 (N.D. Cal. Nov. 1, 2024) .................................................................. 8

*Monahan v. N.Y.C. Dep't of Corr.*,
    214 F.3d 275 (2d Cir. 2000) ........................................................................................... 3

*Munro v. Univ. of S. Cal.*,
    896 F.3d 1088 (9th Cir. 2018) ................................................................................ 1, 3, 4

*Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*,
    700 F.2d 889 (2d Cir. 1983) ........................................................................................... 4

*Senatore v. Ocwen Loan Servicing, LLC*,
    2017 WL 3836056 (S.D.N.Y. Aug. 31, 2017) ............................................................ 7, 8

*Spann v. AOL Time Warner, Inc.*,
    219 F.R.D. 307 (S.D.N.Y. 2003) ..................................................................................... 9

*In re Sprint Nextel Derivative Litigation*,
    437 F. Supp. 3d 927 (D. Kan. 2020) ...................................................................... 4, 6, 7

*Waldman v. Village of Kiryas Joel*,
    207 F.3d 105 (2d Cir. 2000) ........................................................................................... 7

*U.S. ex rel. Welch v. My Left Foot Children's Therapy, LLC*,
    871 F.3d 791 (9th Cir. 2017) ................................................................................................4

*Wendt v. BondFactor Co.*,
    2017 WL 3309733 (S.D.N.Y. Aug. 2, 2017) .........................................................................3

**Statutes**

29 U.S.C. § 1002(23)(B) ...............................................................................................................11

29 U.S.C. § 1002(34) ....................................................................................................................11

29 U.S.C. § 1103(c)(1) ..................................................................................................................10

ERISA 502(a) ........................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1, 8, 9

Fed. R. Civ. P. 23 ...........................................................................................................................5

**PRELIMINARY STATEMENT**

This is the second time within a two-year period that Plan participants have sued Capital One on behalf of the Plan alleging mismanagement of Plan assets in violation of ERISA's duties of loyalty and prudence. The first case was dismissed with prejudice under Rule 12(b)(6). *See Hall v. Cap. One Fin. Corp.*, 2023 WL 2333304 (E.D. Va. Mar. 1, 2023). Accordingly, res judicata, which "prevents parties from raising issues that could have been raised and decided in a prior action," requires dismissal here. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020).

The Opposition does not dispute that Plaintiffs could have alleged in *Hall* the forfeiture claims asserted now. Indeed, Plaintiffs' counsel recently filed suit asserting both forfeiture and performance allegations in the same ERISA class action. *See Fumich v. Novo Nordisk Inc.*, No. 24-cv-09158 (D.N.J. Sept. 13, 2024). Instead, Plaintiffs claim they are different named plaintiffs from those in *Hall*. But res judicata does not require that the parties be identical; it requires they be in privity—a "flexible" standard met where the parties bear a "sufficiently close relationship." *John St. Leasehold, LLC v. Cap. Mgmt. Res., L.P.*, 154 F. Supp. 2d 527, 542 (S.D.N.Y. 2001). In both *Hall* and this case, the claims are brought "on behalf of" the same Plan, and "these claims should be thought of as Plan claims, not Plaintiffs' claims." *Hawkins v. Cintas Corp.*, 32 F.4th 625, 635 (6th Cir. 2022); *Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1092-93 (9th Cir. 2018) (fiduciary breach claims do not belong to employee, but rather to the plan on whose behalf the claims are brought); *Cedeno v. Sasson*, 100 F.4th 386, 403 (2d Cir. 2024) ("[A] plaintiff seeking relief under Section 502(a)(2) [of ERISA] acts in a representative capacity seeking relief for a single entity—the plan—as opposed to a collection of individuals.").

Plaintiffs persist that the cases do not arise from the same transaction because *Hall* focused on target date funds ("TDFs"), and this case focuses on forfeitures. This is a distinction without significance because both cases challenge the management of Plan assets, and the res judicata "bar will apply when the subsequent facts are merely additional examples of the earlier-complained of conduct." *Cameron v. Church*, 253 F. Supp. 2d 611, 620 (S.D.N.Y. 2003). Forfeitures are an "additional example" of Capital One's alleged mismanagement of Plan assets in supposed violation of ERISA's fiduciary duties.

Plaintiffs' claims also fail on the merits. Plaintiffs' challenged conduct complies with over sixty years of regulatory guidance, and courts have consistently dismissed the same forfeiture claims pled here. *See, e.g.*, *Hutchins v. HP Inc.*, 2025 WL 404594 (N.D. Cal. Feb. 5, 2025) (dismissing forfeiture claims because "Plaintiff's arguments ignore 'decades of settled law' allowing defined contribution plans to use forfeitures exactly as [Defendants] did"). Plaintiffs respond by recasting their claims as one for breach "of the Plan in *this case*." Opp. 17 (emphasis in original). The Moving Brief explained, however: "To the extent that Plaintiffs' forfeiture allegations are construed as claims for violation of the Plan terms that seek benefits under ERISA 502(a)(1)(B), the Complaint should be dismissed because Plaintiffs do not allege exhaustion of the Plan's administrative claim and appeal process." Mov. 4, n.1. If that is the path Plaintiffs are trying to pursue, this Circuit's "firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases" provides an additional basis for dismissing the Complaint. *Id.* (citation omitted).

For these reasons, as detailed herein, the Court should grant this Motion.

## ARGUMENT

**I.  Res Judicata Precludes Plaintiffs from Repleading Their ERISA Claims.**

Plaintiffs do not dispute that *Hall* and the instant action involve claims brought on behalf of the *same* Plan, the *same* Defendants, and an overlapping class period, or that *Hall* resulted in a final judgment on the merits.  Instead, Plaintiffs argue that the two actions concern "(1) entirely different plaintiffs, (2) different transactions implicating different governing Plan documents, and (3) Hall was filed in 2022, meaning that events and discovery central to this case did not exist when Hall was filed."  Opp. 8.  None of these arguments shield Plaintiffs' case from res judicata.

### A. The Plaintiffs in *Hall* and the Instant Action Are in Privity.

Plaintiffs assert that they "did not participate in the *Hall* action," and that a plan cannot be a plaintiff.  Opp. 8-10.  Plaintiffs' argument misconstrues the elements of res judicata.  It does not require identical plaintiffs; rather it applies if the plaintiffs are "in privity."  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).  Privity "requires a flexible analysis of the facts and circumstances," *Wendt v. BondFactor Co.*, 2017 WL 3309733, at *5 (S.D.N.Y. Aug. 2, 2017), and it exists where the plaintiffs share a "sufficiently close relationship," *John St. Leasehold, LLC*, 154 F. Supp. 2d at 542.

Here, and in *Hall*, the claims "are, by definition, brought in a representative capacity on behalf of the plan."  Mov. 8 (collecting cases).  As the Second Circuit explained last year, "a plaintiff seeking relief under Section 502(a)(2) acts in a representative capacity seeking relief for a single entity—the plan—as opposed to a collection of individuals."  *Cedeno*, 100 F.4th at 403; *see also Hawkins*, 32 F.4th at 635 ("The weight of authority suggests that these claims should be thought of as Plan claims, not Plaintiffs' claims."); *Munro*, 896 F.3d at 1092-93.  Thus, "the plan, not the participants, [i]s the relevant contracting party."  *Berkelhammer v. ADP TotalSource Grp.,*

-3-

*Inc.*, 74 F.4th 115, 119 (3d Cir. 2023). Because the claims are brought on behalf of the Plan, it is the Plan's interests that are considered for purposes of res judicata.

Courts take the same approach in other representative actions, like claims under the False Claims Act ("FCA") actions and shareholder derivative suits. *See U.S. ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 800 (9th Cir. 2017) ("though the FCA grants the relator the right to bring a FCA claim on the government's behalf, . . . our precedent compels the conclusion that the underlying fraud claims asserted in a FCA case belong to the government and not to the relator"); *In re Sprint Nextel Derivative Litigation*, 437 F. Supp. 3d 927, 935 (D. Kan. 2020) (applying New York law and ordering dismissal on res judicata grounds because the "Plaintiffs, as Sprint shareholders seeking to assert a claim derivatively on behalf of the corporation, are considered to be in privity with the shareholders in [the prior action] who asserted a similar claim"). "There is no shortage of similarities between *qui tam* suits under the FCA and suits for breach of fiduciary duty under ERISA"—most critically, in both, "plaintiffs are not seeking relief for themselves" but rather on behalf of the government and the plan, respectively. *Munro*, 896 F.3d at 1092–93.

Plaintiffs ignore this authority and instead rely on *Beck v. Levering* to boldly declare that it "foreclose[s] Defendants' privity argument." Opp. 8 (citing 947 F.2d 639, 640 (2d Cir. 1991)). *Beck* did not even address privity, and it only declined to apply res judicata because the defendants sought application of it since the plaintiffs were requesting "monetary relief that duplicates the relief granted in the prior action"—an argument that Defendants do not advance. *Beck*, 947 F.2d at 642. Plaintiffs then turn to *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co*. to urge that ERISA plans cannot assert a cause of action. Opp. 8 (citing 700 F.2d 889, 891-92 (2d Cir. 1983)). But that case did not even address res judicata, nor did it address the

authority above confirming that the nature of these claims means they belong to, and are brought on behalf of, the Plan.

Equally unavailing is Plaintiffs' reliance on *Coan v. Kaufman*, which they allege holds that "plaintiffs in subsequent litigations cannot be 'bound by a [prior] judgment that was reached without his or her involvement'" and that participants of the same plan lack privity. Opp. 3, 9 (citing 457 F.3d 250, 258 (2d Cir. 2006)). *Coan* stands for neither wishful proposition. The defendant in *Coan* did not seek dismissal on res judicata grounds. Nor did the plaintiff bring her fiduciary breach claim on behalf of the plan; and on that basis, the court granted summary judgment to the defendant. *Coan*, 457 F.3d at 254, 257-59, 262. The concern about uninvolved class members that Plaintiffs cite *Coan* to suggest arises only where (as in *Coan* but not here) the plaintiff did not bring the first action on behalf of the plan and thereby "failed to represent adequately the interests of other plan participants and has therefore not properly proceeded in a representative capacity as required by section 502(a)(2)." *Id*. In contrast, the plaintiffs in *Hall* and here did assert claims on behalf of the Plan,[1] and thus are in privity.

Finally, the Opposition argues that *Hall* was dismissed before the class was certified. Opp. 9. That is irrelevant. In *Cedeno*, the Second Circuit made clear that breach of fiduciary duty claims are brought on behalf of the plan and belong to the plan, whether brought as a class action or not. *Cedeno*, 100 F.4th at 403 ("It thus makes sense that Cedeno invoked Federal Rule of Civil Procedure 23 in his complaint even though this is not actually a class action."); *see also supra* at 3-4. Plaintiffs even cite *Alpert's Newspaper Delivery Inc. v. The N.Y. Times Co.*, which affirmed a finding of privity for res judicata purposes "even though the first party was not formally a party

---

[1] To be sure, in the instant action and in *Hall*, the Complaints make clear that the cases were or are brought "on behalf of the Plan." Mov. 8.

-5-

to the litigation" because the "issue is one of substance rather than the names in the caption of the case." 876 F.2d 266, 270 (2d Cir. 1989). Indeed, the touchstone of privity is whether the parties share a "sufficiently close relationship," which is true here because *Hall* and the instant case were both brought on behalf of the Plan.

### B. Both Actions Arise from the Same Transaction.

The last element of res judicata tests whether the claims "arise from the same transaction." *Lucky Brand*, 590 U.S. at 412. Plaintiffs argue that *Hall* challenged the performance of a TDF while the instant case challenges forfeitures; but, critically, Plaintiffs do not dispute that both claims fundamentally arise from Defendants' alleged mismanagement of Plan assets causing purported harm to the Plan. Nor could they plausibly do so where both cases allege the same fiduciary breach claims, with the current action merely adding an additional example of Plan mismanagement: forfeitures. And the Opposition makes no effort to explain how the allegations in the two actions are "fundamentally different." Opp. 10-11. That is because they are not.

The res judicata "bar will apply when the subsequent facts are merely additional examples of the earlier-complained of conduct, such that the action remains based principally upon the shared common nucleus of operative facts." *Cameron*, 253 F. Supp. 2d at 620. Where the plaintiff merely "adds details and facts" in support of a claim previously pled, courts apply the res judicata bar. *Marshall v. Nat'l Ass'n of Letter Carriers BR36*, 2003 WL 22519869, at *8 (S.D.N.Y. Nov. 7, 2003); *In re Sprint Nextel*, 437 F. Supp. 3d at 938 (granting a motion to dismiss under res judicata because plaintiffs asserted only "additional evidence" of a previous claim). Indeed, "the

facts essential to the barred second suit need not be the same as the facts that were necessary to the first suit." *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110-11 (2d Cir. 2000).[2]

"Plaintiffs cite no New York [or any] law for the proposition that their gathering of additional evidence of [Defendants'] alleged [Plan mismanagement] nullifies the preclusive effect of a prior final judgment [in *Hall*]." *In re Sprint Nextel*, 437 F. Supp. 3d at 938. "[R]es judicata still applies, regardless of whether in [their] prior suit [Plaintiffs] chose to focus on the issue of [investment performance] and not, as now, on the alleged [forfeitures]." *Waldman*, 207 F.3d at 110.

C. **Overlapping Putative Class Periods Are Not a Bar to Res Judicata.**

Plaintiffs turn to the fact that *Hall* was filed before the instant action, and thus certain "events and discovery" in this case did not exist when *Hall* commenced. Opp. 2-3, 7-8. The putative class period in *Hall* was August 1, 2016 to the date of judgment, March 1, 2023; here, it spans November 11, 2018 through the date of judgment. *Hall* Compl. ¶ 1; Compl. ¶ 1, n.2. Plaintiffs do not allege that during the few non-overlapping years there were material changes to the Plan's management or the Plan documents. Indeed, the *Hall* Complaint cited the same Plan document cited throughout this Complaint. *Hall* Am. Compl. ¶ 19; Compl. ¶¶ 9, 42-45. The few years that the putative class periods did not overlap are irrelevant. "[E]ven when a plaintiff alleges events occurring after the first litigation, a second suit based on those events is still barred if the later alleged events 'are merely additional examples of the earlier-complained of conduct[.].'" *Senatore v. Ocwen Loan Servicing, LLC*, 2017 WL 3836056, at *4 (S.D.N.Y. Aug. 31, 2017) (quoting *Cameron*, 253 F. Supp. 2d at 620).

---

[2] In contrast, in *Frulla v. CRA Holdings, Inc.*, on which Plaintiffs rely, only the second of the two actions alleged fiduciary breach, and the court relied on that distinction absent here. 596 F. Supp. 2d 275, 281 (D. Conn. 2009).

Accordingly, Plaintiffs' assertion that discovery in *Hall* and here are not "precisely the same" misses the mark. Opp. 13. "Additional examples of the earlier-complained of conduct" will inherently introduce some new discovery, yet courts still apply res judicata in those instances even though discovery is not "precisely the same." *See Senatore*, 2017 WL 3836056, at *4. In any event, discovery here would be substantially the same including because the allegations rest on the Form 5500s that disclose "the Plan's forfeiture accounts," Compl. ¶ 66, and "the exact same Form 5500s [are] cited in the Complaint in *Hall*," Mov. 12.

## II.   Plaintiffs' Claims Fail Under ERISA, as well as This Circuit's Settled Policy Requiring Exhaustion of Administrative Remedies.

Defendants' Motion recounted an uninterrupted history of regulations and other guidance—more than six decades—and caselaw permitting the use of forfeitures the way Capital One does here. Mov. 15-20. Plaintiffs do not dispute that Defendants' use of forfeitures aligns with how Congress, the IRS, and courts have understood and applied the law. *Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 863 (N.D. Cal. 2024) (dismissing forfeiture complaint and explaining that ERISA's "general provisions" do not "abrogate Treasury regulations and settled rules regarding the use of forfeitures"); *McManus v. Clorox Co.*, 2024 WL 4944363, at *6 (N.D. Cal. Nov. 1, 2024) (dismissing forfeiture claims under Rule 12(b)(6) because plaintiffs failed to "explain how the Department of Treasury would now allow forfeitures to be used to reduce employer contributions if such a practice breached fiduciary duties").

Rather than engage with this legal backdrop, Plaintiffs sidestep it by focusing on the Plan's terms here. Opp. 19. Plaintiffs recharacterize their forfeiture claims as grounded strictly in the Plan's terms. They quote the Plan at length, "[b]ase[] [their claims] on the Plan language," and allege that Capital One "violated the terms of the Plan document." Opp. 15-19. In so doing,

Plaintiffs reduce their claims to a question of Plan interpretation and back their case into a corner that requires dismissal for failure to exhaust administrative remedies.

"A claim for breach of fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA." *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 322 (S.D.N.Y. 2003). Indeed, "whether a claim relates to violations of the ERISA statute or the terms of a plan turns on what the Court is called upon to interpret." *McCulloch v. Bd. of Trs. of the SEIU Affiliates Officers & Emps. Pension Plan*, 2016 WL 9022578, at *6 (S.D.N.Y. Mar. 31, 2016). Plaintiffs do not rely on ERISA statutory provisions to support their forfeiture claims because, as they admit, "ERISA generally permits using forfeitures and paying plan expenses in a number of ways." Opp. 17. Rather, they ask the Court to interpret whether "Defendants failed to use forfeitures under the provisions of the Plan in *this case*." *Id.* (emphasis in original).

Where a plaintiff bases her claims on a plan's terms, courts require exhaustion of the plan's administrative remedies. *Diamond v. Loc. 807 Labor-Mgmt. Pension Fund*, 2014 WL 527898, at *6 (E.D.N.Y. Feb. 7, 2014). Here, the Plan sets forth a mandatory administrative claims process and vests the fiduciaries with discretion to interpret the Plan's terms. *See* Declaration of Jeremy Blumenfeld, Ex. A (Plan), §§ 6.2, 10.1(a). Plaintiffs do not allege they exhausted the administrative procedures. In such instances, courts routinely dismiss ERISA claims under Rule 12(b)(6). *Abe v. N.Y. Univ.*, 2016 WL 1275661, at *5 (S.D.N.Y. Mar. 30, 2016) (granting a motion to dismiss because "Plaintiff pleads no facts suggesting any effort to exhaust the remedies available through his ERISA administrative plan"); *Kesselman v. The Rawlings Co.*, 668 F. Supp. 2d 604, 608 (S.D.N.Y. 2009) (same). In *Diamond*, for example, the Second Circuit affirmed dismissal of a fiduciary breach claim on exhaustion grounds because the plaintiff's claims were "premised on

an interpretation of the terms of the Plan," and thus the plaintiff was "alleging a breach of the terms of the Plan, not a statutory violation of ERISA." *Diamond v. Local 807 Labor-Mgmt. Pension Fund*, 595 F. App'x. 22, 23-25 (2d Cir. 2014). Here, Plaintiffs likewise allege that "Defendants failed to use the forfeitures in the manner mandated by the governing Plan documents." Opp. 3. Such allegations "explicitly require[] interpretation of the documents governing the Plan," and thus require exhaustion of remedies. *Diamond*, 595 F. App'x at 25.

### III.   Plaintiffs' Claims Also Fail for Other Reasons.

#### A.   Plaintiffs Do Not Challenge Fiduciary Conduct.

The Motion to Dismiss explained that an employer's alleged non-payment of contributions cannot support an ERISA statutory fiduciary breach claim because the decision to make such contributions is a settlor function. Mov. § IV. The Opposition fails to address the well-settled law that ERISA statutory fiduciary standards do not apply to claims for failure to provide allegedly required contributions. Mov. 21. Moreover, the Opposition contends that Capital One acted as a fiduciary when it allegedly "failed to carry out the mandatory Plan design decisions." Opp. 22. In doing so, Plaintiffs' own argument again makes clear that the challenge at bar is an alleged failure to follow Plan terms—a claim that must be exhausted. *Supra* II.

#### B.   Plaintiffs Do Not State a Violation of ERISA's Anti-Inurement Provision.

As explained in the Motion, ERISA stipulates that plan assets "shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). This provision "focuses exclusively on whether fund assets were used to pay pension benefits to plan participants, without distinguishing either between benefits for new and old employees." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 442 (1999). Here, the Complaint admits that forfeitures were used to

provide benefits to participants—that is, credited to participant accounts where participants can invest those funds as they deem appropriate and withdraw them when permitted by the Plan terms. In a defined contribution plan, that is the definition of a benefit. 29 U.S.C. § 1002(34) (defined contribution plan is one where "benefits [are] based solely upon the amount contributed to the participant's account…."); 29 U.S.C. § 1002(23)(B) (accrued benefit is "the balance of the individual's account"). Indeed, the anti-inurement provision "can only be violated if there has been a removal of plan assets," which Plaintiffs do not allege. *Aldridge v. Lily-Tulip, Inc. Salary Ret. Plan Benefits Comm.*, 953 F.2d 587, 592 n.6 (11th Cir. 1992). There is no allegation or argument in the Opposition that forfeitures were directed anywhere but to participants' Plan accounts. What Plaintiffs do allege is that Capital One benefitted from allocating forfeitures to benefit other participants' accounts. But such allegations of "indirect benefits" inuring to an employer are insufficient to state a claim. Mov. 23 (collecting cases).

### C. Plaintiffs Ultimately Seek Greater Benefits than ERISA Provides.

At the end of the day, Plaintiffs seek a "greater benefit" than afforded by ERISA, which "creates no exclusive duty of maximizing pecuniary benefits." Mov. 12-15 (quoting *Hutchins*, 737 F. Supp. 3d at 863). Plaintiffs reflexively declare that they "do not seek a 'greater benefit.'" Opp. 3, 17. But Plaintiffs do not allege that any participant received lesser contributions to their Plan accounts than the Plan promised them. Nor do Plaintiffs allege they forfeited anything themselves, or that the Plan's administrative costs were unreasonable. Plaintiffs' claims collapse under the greater benefit theory that courts expressly reject. Mov. 12-15 (and collecting cases).

### IV. Plaintiffs Do Not State a Failure-to-Monitor Claim.

Because this claim is derivative of Plaintiffs' other claims and they have failed to allege any violation of ERISA, their failure-to-monitor claim must be dismissed. Mov. VI.

## **CONCLUSION**

For these reasons, Defendants respectfully request the Court grant their Motion.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: February 18, 2025

s/ *Jeremy P. Blumenfeld*
Jeremy Blumenfeld
Gina McGuire
101 Park Avenue
New York, NY 10178
T: 212.309.6000
F: 212.309.6001
E: jeremy.blumenfeld@morganlewis.com
E: gina.mcguire@morganlewis.com
- and -
Tyler J. Hill
1717 Main Street, Suite 3200
Dallas, TX 75201
T: 214.466.4000
F: 214.466.4001
E: tyler.j.hill@morganlewis.com
*Counsel for Defendants*

## WORD COUNT CERTIFICATE

I certify that this reply memorandum of law contains 3,498 words, excluding the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, and therefore complies with the word count limit set forth in The Honorable Margaret M. Garnett's Individual Rules & Practices.

*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld

## CERTIFICATE OF SERVICE

I certify that on February 18, 2025, a copy of the foregoing document was filed electronically, and notice of this filing will be sent by email to all parties by the Court's electronic CM/ECF filing system.

*/s/ Jeremy P. Blumenfeld*
Jeremy P. Blumenfeld
