UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SINGH, GWEN DEJESUS, JOSHUA ALLEN, RAUL MORALES, ADRIAN BARRERA, JR., CLAIRE MOORE, PATRICE JOHNSON, NIJA WINTER, and MICHAEL SUTTON, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, THE BOARD OF DIRECTORS OF CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE FINANCIAL CORPORATION INVESTMENT COMMITTEE and JOHN DOES 1-30,<br><br>                  Defendants. | **CIVIL ACTION NO.: 1:24-cv-8538** |

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES, APPROVAL OF FORM AND MANNER OF SETTLEMENT NOTICE, PRELIMINARY APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING A <u>DATE FOR A FAIRNESS HEARING</u>**

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1. I am a member in good standing of the bars of the Commonwealth of Pennsylvania and the State of New Jersey, and I have personal knowledge of the facts set forth below. If called as a witness, I could and would testify competently thereto.

2. I am a partner and chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my law firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

1

*Procedural History*

3. Following several months of investigation, including engaging consulting experts, Plaintiffs, Stephanie Singh, Gwen DeJesus, Joshua Allen, Raul Morales, Adrian Barrera, Jr., Claire Moore, Patrice Johnson, Nija Hunter[1], and Michael Sutton, filed a Complaint on November 11, 2024. *See* ECF No. 1.

4. Defendant filed and served its Notice of Motion to Dismiss Plaintiffs' Complaint on January 13, 2025. *See* ECF No. 12.

5. Plaintiffs filed their Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint on January 27, 2025. *See* ECF No. 17. On February 18, 2025, Defendants filed their Reply. *See* ECF No. 22.

*Discovery Practice*

6. Class Counsel conducted extensive informal discovery before filing the Complaint, including reviewing documents provided by Plan participants, engaging in consulting experts, and evaluating the Plan's annual Form 5500s. "The Form 5500—a joint creation of the IRS, the Department of Labor, and the Pension Benefit Guaranty Corporation—is the 'Annual/Return Report of [an] Employee Benefit Plan.'" *Mator v. Wesco Distribution, Inc.*, 102 F.4th 172, 181 (3d Cir. 2024) (quoting the instructions for a Form 5500).

7. The Parties also swapped detailed mediation statements prior to discovery which provided ample information before the session commenced.

---

[1] Plaintiff Nija Hunter is inadvertently referred to as "Nija Winter" in the Complaint.

8. Additionally, following settlement, Defendants have provided Plaintiffs confirmatory discovery which Plaintiffs have reviewed to confirm facts underlying the basis for settlement.

*Settlement Negotiations*

9. A mediation session was scheduled for September 12, 2025, with Robert Meyer of JAMS, who is well-versed and experienced in mediating ERISA matters. *See* curriculum vitae of Mr. Melnick at https://www.jamsadr.com/meyer/.

10. During the mediation, the Parties continued to exchange damages scenarios and Settlement offers with continued involvement from Mr. Meyer.

11. On the day of mediation, Plaintiffs' opening position was that more than $34,000,000.00 in forfeitures should have been allocated to reduce administrative expenses paid by the Plan (via participant accounts) before offsetting employer matching contribution costs per the Plan's language.

12. Defendants vigorously rejected all of Plaintiffs' theories of liability and damages, including with respect to the characterization of certain services Plaintiffs believed were supposed to be covered by the forfeitures as well as what constituted settlor versus fiduciary functions.

13. Defendants' position was that only $9.7 million of the fees identified by Plaintiffs constituted recordkeeping costs meaning, at most, even under Plaintiffs' theory of the case damages couldn't exceed $9.7 million if the Court agreed with Defendants' view of damages.

14. Confirmatory discovery arguably supported Defendants' view of damages.

15. The Parties agreed to settle this matter for $9,600,000.00 (Nine Million Six Hundred Thousand Dollars).

16. Accordingly, the settlement amount represents close to a 100% recovery for the Settlement Class under Plaintiffs' theory of liability.

### *The Settlement Terms*

17. The Settlement provides Capital One will pay Nine Million Six Hundred Thousand Dollars ($9,600,000.00)– the Gross Settlement Amount – to be allocated to participants on a *pro rata* basis pursuant to the proposed Plan of Allocation (*see* Exhibit D to Settlement Agreement) in exchange for releases and dismissal of this action (described in Article 7 of the Settlement Agreement).

18. The Gross Settlement Fund will be used to pay the participants' recoveries, administrative expenses to facilitate the Settlement, and Plaintiffs' Counsel's attorneys' fees and costs, and Class Representatives' Case Contribution Awards if awarded by the Court.

19. The Class Members include all individuals in the Settlement Class, or:

> All persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

*See* Settlement Agreement, Section 1.46.

20. The Net Settlement Amount will be allocated to each Class Member in proportion to the sum of that Class Member's Balance as compared to the sum of the Balance for all Class Members. *See* Plan of Allocation, § II.C. Former Participants who are initially calculated to receive $5.00 or less will not receive a distribution. *Id.*, § II.D. Participants with active accounts will receive their distribution into their active accounts, and Former Participants shall be paid by check. *Id.*, §§ II.E-F.

21. Class Counsel intends to seek to recover their attorneys' fees not to exceed $3,200,000 (one third of the Gross Settlement Amount). *See* Settlement Agreement, Section 6.1. Class Counsel also intends to seek to recover reasonable litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation. *Id.* Additionally, Class Counsel intends to seek Class Representatives' Case Contribution Awards in an amount not to exceed $5,000 for each Plaintiff, Stephanie Singh, Gwen DeJesus, Joshua Allen, Raul Morales, Adrian Barrera, Jr., Claire Moore, Patrice Johnson, Nija Hunter and Michael Sutton. *Id*.

22. Defendants also intend to retain an Independent Fiduciary to approve and authorize the settlement on behalf of the Plan. *See* Settlement Agreement, Article 2. The fees and expenses of the Independent Fiduciary will not be paid from the Gross Settlement. *Id.*, Section 1.3.

*Counsel's Experience*

23. I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law. While at Temple, I was the research editor for the Temple International and Comparative Law Journal. After law school I clerked for a year with the Hon. Dennis J. Braithwaite of the New Jersey State Appellate Court.

24. I have been litigating ERISA fiduciary breach lawsuits for 20 years, first at my prior firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I am a partner and chair of the Fiduciary Practice Group. Over my career I have been actively involved in many high-profile ERISA class actions. For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties owed by fiduciaries to pension plan participants. *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

25. My partner James Maro is an experienced litigator who has assisted the Fiduciary Practice Group to prosecute and settle multiple millions of dollars' worth of ERISA cases. He is a 2000 graduate of Villanova University Charles Widger School of Law and has a diverse litigation background *See* biography at https://capozziadler.com/james-a-maro-esquire/.

26. Co-Counsel for the Class, Peter Muhic of Muhic Law LLC, is an accomplished trial lawyer who has tried complex cases to verdict in federal and state courts throughout the country and has extensive experience in ERISA litigation. Mr. Muhic is a graduate of Temple University School of Law. *See* biography at https://muhiclaw.com/.

27. The ERISA team at Capozzi consists of several seasoned senior and junior attorneys as well as a support staff which includes paralegals and other paraprofessionals who assist in the practice.

28. Capozzi Adler has significant resources with three office locations. We have been serving clients for over 25 years offering a full range of legal services. I and my firm have been lead or co-lead interim counsel in dozens of ERISA breach of fiduciary duty actions. Recently, Capozzi Adler was appointed class counsel in the following matters: *Winkelman v. Whole Foods Market, Inc.*, No. 1:23-cv-01352 (W.D. Tex. Dec. 17, 2024) (ECF No. 39); *Kennedy v. Aegis Media Americas, Inc.*, No. 20-CV-03624, 2023 WL 5294132, at *2 n.1 (S.D.N.Y. Aug. 17, 2023); *McCool v. AHS Mgmt. Co., Inc.*, No. 19-cv-01158, 2023 WL 2729161 (M.D. Tenn. Mar. 30, 2023); *Sweet v. Advance Auto Stores Co., Inc.,* No. 21-cv-549, 2023 WL 3959779 (W.D. Va. June 9, 2023); *Huang, v. TriNet HR III, Inc.,* No. 20-cv-2293, 2022 WL 13631836 (M.D. FL. Oct. 21, 2022); *Stengl v. L3Harris Techs., Inc.,* No. 22-cv-572, 2023 WL 11932263 (M.D. Fla. June 5, 2023); *Lucas, v. MGM Resorts International,* 20-cv-01750 (D. Nev. Oct. 20, 2022) (ECF 112);

*Nunez, v. B. Braun Medical, Inc*., No. 20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69); *Boley v. Universal Health Servs., Inc*., 337 F.R.D. 626 (E.D. Pa. 2021).

29. In the course of prosecuting ERISA class actions such as this, I have supervised the preparation of numerous consolidated pleadings, responses to motions to dismiss, drafting of discovery requests and review of hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment and trial phases.

30. The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions. *See, e.g., e.g., Macias v. Sisters of Charity of Leavenworth Health Sys*., No. 23-cv-01496 (D. Colo. July 24, 2025) (ECF No. 67); *Stephen v. Trader Joe's Co*., No. 1:25-cv-10212 (D. Mass. July 22, 2025) (ECF No. 47); *Seibert v. Nokia of Am. Corp.,* No. 21-cv-20478, 2024 WL 2316551 (D.N.J. May 22, 2024); *Brown v. MITRE Corp.,* No. 22-cv-10976, 2023 WL 2383772 (D. Mass. Mar. 6, 2023); *Kendall Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071, 2021 WL 1231415 (E.D.N.C. March 31, 2021) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Stengl v. L3Harris Techs., Inc.*, No. 22-cv-572, 2023 WL 2633333 (M.D. Fla. Mar. 24, 2023); *Parmer v. Land O'Lakes, Inc*., 518 F. Supp. 3d 1293 (D. Minn. 2021); *Davis v. Magna Int'l of America, Inc.*, No. 20-cv-11060, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 20-cv-00654, 2021 WL 1226551 (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, No. 19-cv-01158, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *Garnick v. Wake Forest Univ. Baptist Med. Ctr.,* 629 F. Supp. 3d 352 (M.D.N.C. 2022); *In re Medstar ERISA Litig.*, No. 20-cv-1984, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Silva v. Evonik Corp*., 2020 WL 12574912 (D.N.J. Dec. 30, 2020) (same); *Moore v. Humana, Inc.*, No. 21-cv-

232, 2022 WL 20766504, at *3 (W.D. Ky. Dec. 2, 2022); *Pinnell, v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-5738, 2020 WL 1531870 (E.D.Pa. Mar. 31, 2020); *Peterson v. Insurance Services Office, Inc.*, No. 20-cv-13223, 2021 WL 1382168 (D.N.J. Apr. 13, 2021); *Rosenkrantz, et al., v. Altru Health System,* et al., 20-cv-168, 2021 WL 5868960 (Dec. 10, 2021).

31. We have also been successful at the appellate level resulting in the reversal and remand of wrongly dismissed actions. *See, e.g., Perkins v. United Surgical Partners Int'l, Inc.*, No. 23-10375, 2024 WL 1574342 (5th Cir. Apr. 11, 2024) (reversing dismissal of ERISA excessive fee action); *Kruchten, v. Ricoh USA, Inc.*, No. 23-1928, 2024 WL 3518308 (3rd Cir. Jul. 24, 2024) (same); *Kong et al. v. Trader Joe's Co.*, No. 20-56415, 2022 WL 1125667 (9th Cir. Apr. 15, 2022) (same); *Davis et al. v. Salesforce.com. Inc. et al.*, No. 21-15867, 2022 WL 1055557 (9th Cir. Apr. 8, 2022) (same). Also, we have successfully obtained affirmance of correctly decided cases. *See, e.g., Hawkins et al. v. Cintas Corp.*, No. 21-3156 (6th Cir. Apr. 27, 2022) (upholding denial of motion to compel arbitration in ERISA case); *Boley v. Universal Health Servs., Inc.*, 36 F.4th 124 (3d Cir. 2022) (upholding the grant of class certification).

32. My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering over one hundred million dollars for its clients and class members. *See, e.g., Perkins v. United Surgical Partners International, Inc.*, No. 3:21-cv-00973 (N.D. Tex. Oct. 30, 2025) (ECF No. 83); (recovered a $ 1,475,000 class settlement); *Brown v. MITRE Corp.*, No. 22-cv-10976 (D. Mass. Feb. 20, 2025) (ECF Nos. 113-114) (recovered a $3,400,000 class settlement); *Hawkins v. Cintas Corp.*, No. 19-cv-1062, 2024 WL 3982210 (S.D. Ohio Aug. 27, 2024) (same); *Peterson v. Insurance Services Office, Inc.*, No. 3:20-cv-13223 (D.N.J. May 22, 2024) (recovered $4,000,000.00 class settlement); *Garnick v. Wake Forest Univ. Baptist Med*. Ctr., 21-cv-00454 (M.D.N.C. July 2, 2024) (recovered $3,800,000.00 class settlement); *McNeilly v.*

*Spectrum Health System*, No. 20-cv-00870 (W.D. Mich. 2023) (recovered $6,000,000.00 class settlement); *Buescher, v. Brenntag North America, Inc.,* No. 20-cv-00147 (E.D. Pa. 2020) (recovered $2,300,000.00 class settlement); *Davis v. Magna Int'l of Am., Inc.,* No. 20-cv-11060, 2025 WL 66052, at *1 (E.D. Mich. Jan. 10, 2025) (recovered $2,900,00 settlement); *Pinnell v. Teva Pharmaceuticals USA, Inc.,* No. 19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Dean v. Cumulus Media, Inc*., No. 22-cv-04956 (N.D. Ga. 2023) (recovered $1,000,000.00 settlement); *Loomis v. Nextep, Inc.,* No.: 21-cv-00199 (W.D. Okla. 2023) (recovering $1,100,000.00); *Freck v. Cerner Corp*., No. 20-cv-00043 (W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken v. ManTech Int'l Corp.,* No. 20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

33. Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class in this case and has in fact done so as evidenced by our litigation efforts to date, including conducting discovery.

34. Given my years of experience in this field of law, including trying an analogous case to an unfavorable verdict for plaintiffs *Nunez v. B. Braun Med., Inc*., No. 20-4195 (E.D. Pa. Aug. 18, 2023), I believe the settlement achieved in this case is adequate and certainly reasonable and fair.

### *Plaintiffs Are Adequate Class Representatives*

35. Named Plaintiffs support the Settlement and have submitted declarations attesting to the work they have done on this matter.

36. Attached as Exhibit 2 is the Declaration of Claire Moore in Support of the Settlement.

37. Attached as Exhibit 3 is the Declaration of Gwen DeJesus in Support of the Settlement.

38. Attached as Exhibit 4 is the Declaration of Joshua Allen in Support of the Settlement.

39. Attached as Exhibit 5 is the Declaration of Michael Sutton in Support of the Settlement.

40. Attached as Exhibit 6 is the Declaration of Nija Hunter in Support of the Settlement.

41. Attached as Exhibit 7 is the Declaration of Patrice Johnson in Support of the Settlement.

42. Attached as Exhibit 8 is the Declaration of Raul Morales in Support of the Settlement.

43. Attached as Exhibit 9 is the Declaration of Stephanie Singh in Support of the Settlement.

*Authority Supporting Appropriateness of Class Certification*

44. Having litigated almost exclusively ERISA breach of fiduciary duty actions over my career it is my experience that the types of claims asserted in this action are typically certified.

45. Attached hereto as Exhibit 10 a non-exhaustive list of more than ninety-one (91). decisions from around the country in which courts certified classes in ERISA breach of fiduciary duty actions, like the instant action.

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 23rd day of December, 2025, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

10

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire

***Proposed Class Counsel***